UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>            Plaintiff,<br><br>      vs.<br><br>JEFFREY A. BEARD, et al.,<br><br>            Defendants. | 1:14-cv-00625-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR TELEPHONIC CONFERENCE<br>(Doc. 16.) |

Felipe Garcia ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 28, 2014. (Doc. 1.)

On December 8, 2014, Plaintiff filed a motion for the court to schedule a telephonic conference before District Judge Lawrence J. O'Neill for Plaintiff to discuss the status of this case and request expedited screening of the Complaint. (Doc. 16.) Plaintiff asserts that he filed a motion for permanent injunction and temporary restraining order on August 6, 2014, which has not been resolved. Plaintiff also requests immediate screening of his Complaint, "due to the seriousness of the allegations included in the Complaint." (Doc. 16 at 2 ¶5.) Plaintiff seeks a conference to discuss the need to seal all of the documents in this case and the case that gave

rise to this case, 1:13-cv-00599-LJO-SKO-PC, <u>Garcia v. Biter</u>. Plaintiff asserts that he is in jeopardy of correctional officers illegally obtaining copies of his case documents to influence other inmates to assault Plaintiff, as was done at Kern Valley State Prison and the California Correctional Institution in Tehachapi. Plaintiff seeks to request a permanent restraining order and an order granting him single cell status. Plaintiff also requests that his motion for permanent injunction and temporary restraining order be granted.

### *Discussion*

Plaintiff is advised that under Local Rule 230(*l*), motions in prisoner cases are submitted on the record without oral argument, with few exceptions. L.R. 230(*l*). Such motions are not noticed on the Court's motion calendar.

In exceptional circumstances, the Court may conduct in-court or telephonic proceedings to resolve motions in a prisoner case such as Plaintiff's. However, in this instance, the Court does not find exceptional circumstances or good cause to schedule a telephonic conference. Plaintiff should file a written motion or motions with the Court to resolve his issues.[1] Plaintiff's motion for a telephonic status conference shall be denied.

With respect to Plaintiff's request for immediate screening of his Complaint, Plaintiff is advised that the Court is required to screen complaints brought by prisoners, such as Plaintiff, seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court has hundreds of civil cases pending before it. The Court ordinarily screens complaints in the order in which they are filed and strives to avoid delays whenever possible. Plaintiff's Complaint will be screened in due time.

A cursory review of Plaintiff's Complaint shows that he has requested monetary damages, declaratory relief, and an injunction requiring the CDCR to change its hiring practices and policies. None of this relief, even if immediate, would resolve plaintiff's claim that he is presently in jeopardy of correctional officers illegally obtaining copies of his case documents, or resolve his request for single cell status. Plaintiff has not shown good cause for

---

[1] Any motions in Plaintiff's case 1:13-cv-00599-LJO-SKO-PC, <u>Garcia v. Biter</u>, must be brought in that case.

the court to expedite the screening of his Complaint.  Therefore, Plaintiff's request for expedited screening shall be denied.

Based on the foregoing, Plaintiff's motion, filed on December 8, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **December 11, 2014**                               **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE