# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | Case No.  1:14-cv-00625-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS OF EXCESSIVE FORCE AND FAILURE TO PROTECT AND THAT THE REMAINING CLAIMS BE DISMISSED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's  December 23, 2015, first amended complaint, filed in response to December 2, 2015, order screening the original complaint and directing Plaintiff to either file an amended complaint or notify the Court of his intention to proceed only on the cognizable claims. (ECF No. 25.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against Defendant correctional officials employed by the CDCR at CCI Tehachapi. Plaintiff names as Defendants the following individuals: CCI Warden K. Holland; Correctional Officer (C/O) J. Hobmeier; C/O Emerson; C/O G. Wildey; C/O Ganoa; C/O Rodriguez; CDCR Director Beard, Governor Brown.

Plaintiff alleges that the CDCR in general has engaged in discriminatory hiring practices.

Plaintiff appears to allege that because the prisons are located primarily in rural areas of California, the employees hired by the CDCR to operate the prisons are from rural areas of California. Plaintiff appears to allege that CDCR employees are somehow ethnically distinct from the inmate population, which comes largely from the urban areas of the state. Plaintiff also sets forth claims of excessive force, failure to protect, verbal threats, placement in a management cell, medical care, retaliation, CDCR Policy, and conspiracy.

As to the specific incident of excessive force, Plaintiff alleges that on March 11, 2013, at 7:00 a.m., while incarcerated at CCI Tehachapi 4B Security Housing Unit (SHU), he was directed by Defendants Hobmeier and Emerson to get ready to be transported to court. Plaintiff told Emerson that "due to an institutional issue," he had not shaved for a week and would like to shave. Emerson told Plaintiff that it was "not my problem." Plaintiff told Emerson that "I'm not going out without shaving." (Am. Comp. ¶ 34.) Emerson left, then returned with Defendants Hobmeier, Wildey and Ganoa.

At that point, Plaintiff placed his hands behind his back and placed them through the food port in order to be handcuffed. Plaintiff was removed from the cell and escorted by Defendant Emerson to the strip cage. Plaintiff's hands were cuffed behind his back, and he was holding his manila envelopes. Plaintiff alleges that he was not resisting, and that upon stepping into the strip cage, Defendant Emerson "grabbed Plaintiff by the back of the head and slammed him straight into side of cage, while holding head/face against cage; he placed his leg between plaintiff's upper legs and proceeded to remove handcuffs." (Id. ¶ 41.) Plaintiff alleges that Emerson, in violation of policy, removed Plaintiff's handcuffs while the cell door was open, and not through the tray slot after the door had been closed. When Emerson removed the handcuffs, Plaintiff "hit face first, scraping top & side of face." (Id.) Plaintiff alleges that he was not resisting and had not spoken.

Plaintiff alleges that Defendants Wildey, Gaona, and Hobmeier failed to intervene to stop the attack on Plaintiff, or to ensure that Emerson followed procedure in closing the cell door before removing Plaintiff's handcuffs.

Defendant Wildey closed the cage door, conducted a strip search, and "while placing

handcuffs through tray slot, commented in a loud voice; enough so other inmates may hear . . . that's what happens to snitches and inmates with sex charges." (Id. 45.) Plaintiff alleges he has never been charged with, or convicted of, a sex crime.

Defendants Emerson and Wildey escorted Plaintiff to Receiving and Release. Plaintiff was transported to Kern County Superior Court and returned to the prison. Upon his return, Emerson and Wildey escorted Plaintiff back to his housing unit. Instead of returning Plaintiff to his regular cell, Defendants placed Plaintiff in a management cell. The management cell did not have a locker, table or bunk. Plaintiff requested a grievance form, which was denied by Defendant Emerson. Emerson specifically told Plaintiff "don't waste your time. 602s here make it to the trash can."

Plaintiff filed a written grievance on a sheet of paper due to the refusal of officers to provide a form. Plaintiff did not receive a response. On April 5, 2013, Plaintiff was moved out of the management cell. Plaintiff contends that he was held in a management cell for 26 days, despite the fact that he had not received a disciplinary charge or any kind of hearing. Plaintiff contends that Emerson put Plaintiff in a management cell in contravention of CDCR policy, which requires a sergeant to approve such a placement.

During the 26 days that Plaintiff was in the management cell, Plaintiff alleges that he suffered from extreme cold, and that "no medication or medical attention was provided for plaintiff as no medical slip/request were provided." (Id. ¶ 33.) Plaintiff alleges generally that while he was in the management cell, Defendants Rodriguez, Emerson, Wildey, and Gaona "increased their retaliation by starting a harassment campaign with active prison gang members." (Id. ¶ 32.)

On February 18, 2014, Plaintiff filed a grievance on a CDCR Form 602. Plaintiff's grievance regarded excessive force, placement in the management cell, and a conspiracy to set up and retaliate against Plaintiff for filing grievances. Plaintiff explained that his prior appeals went unanswered. Plaintiff alleges generally that after the grievance was filed, Defendants escalated their campaign of spreading false rumors that Plaintiff was a snitch.

On April 1, 2014, Plaintiff was informed that he would be moved to a different cell. That

4

morning, Defendants Wildey and Rodriguez arrived to escort Plaintiff. While escorting Plaintiff out of the housing unit, Wildey, within hearing distance of all 20 cells, stated "that's what happens when you file staff complaints against us." (Id. ¶ 42.)

Plaintiff also alleges generally that "there is a pattern and practice of retaliation, campaign harassment against jail house lawyers and those whom file grievances . . , use of excessive force, theft/loss of property; mail at CCI Tehachapi State Prison resulting in harmful injuries." (Id. ¶ 45.) Plaintiff alleges that Defendant Warden Holland is aware of this pattern and practice because of the many grievances and lawsuits filed by inmates.

## III.

## DISCUSSION

### A. Eighth Amendment

#### 1. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37(quoting Hudson, 503 U.S. at 7)(quotation marks omitted).

Here, the Court finds that, liberally construed, Plaintiff has stated an excessive force claim against Defendant Emerson. The allegations of the first amended complaint indicate that Plaintiff was in the strip cage and was not offering resistance when Defendant Emerson grabbed him by the back of the head and slammed him into the side of the cage.

#### 2. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir.

2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here,  Plaintiff has alleged facts, liberally construed, that Defendants Wildey, Gaona, and Hobmeier failed to protect Plaintiff from the use of excessive force by Defendant Emerson. Plaintiff has alleged facts indicating that these three Defendants witness an unprovoked attack on Plaintiff and failed to intervene to stop the attack.

**C.  Verbal Threats**

Plaintiff alleges that Defendant Wildey insinuated Plaintiff was convicted of a sex crime and that he was a snitch.  (Id. 44.)  Plaintiff has not alleged any facts indicating that he was in any way injured by the conduct of Defendant Wildey.

The Ninth Circuit has dismissed claims alleging prison guards were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because the prisoner "did not allege that he had been assaulted or threatened by assault by other prisoners."  Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).  The Ninth Circuit has also rejected an Eighth Amendment claim where guards labeled an inmate a "snitch" but the inmate had not been retaliated against.  Morgan v. McDonald, 41 F.3d 1291, 1294 (9th Cir. 1994).  In these cases the Ninth Circuit reasoned that "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."

1 Williams, 223 Fed.Appx. at 671.  These cases do not stand for the proposition that injury is a
2 necessary element of a failure to protect claim.  Rather, in these cases, the plaintiffs failed to
3 allege how a certain label resulted in a serious risk of harm and how that harm was known to the
4 prison guard.  Here, Plaintiff is relying on speculative and generalized fears of harm.  Although
5 Defendant references a sex crime and insinuates that Plaintiff was a snitch, there are no specific
6 allegations that specific information was given to a particular inmate that posed a specific threat
7 to Plaintiff.

8     In some circumstances, a prison official may create a serious risk of irreparable harm, and
9 thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular
10 inmate is a homosexual.  Radillo v. Lunes, 2008 WL 4209824, *2 (E. D. Cal. Sep. 8, 2008); see
11 also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989)(deliberately spreading
12 rumor that prisoner is snitch may state a claim for violation of right to be protected from violence
13 while in state custody).  The Court finds Radillo to be instructive.  In that case, the defendant
14 identified the plaintiff as a member of a prison gang that was engaging in homosexual activity,
15 and asked a known gang member if harm would come to a member of the gang that engaged in
16 such activity.  The defendant then informed the gang affiliate of the plaintiff's homosexual
17 activity.  Here, Defendant, at most, made comments that referred in general to  sex crimes and
18 that Plaintiff was a snitch, but did not specifically identify Plaintiff as someone who was
19 particularly vulnerable and communicate that information to an inmate that would pose a specific
20 harm to Plaintiff.  The Court finds these allegations to be insufficiently specific to state a claim
21 for relief.

22     Based upon the allegations in Plaintiff's original and first amended complaint, the Court
23 is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for
24 harassment, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114,
25 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be
26 futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to
27 amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson,
28 809 F.2d 1446-1449 (9th Cir. 1987).  This claim should therefore be dismissed for failure to state

a claim upon which relief could be granted.

### D. Management Cell

Plaintiff alleges that he was improperly placed in a management cell for 26 days. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Constitution itself does not confer on a prisoner a liberty interest in avoiding "more adverse conditions of confinement." See Id., Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), abrogated in party by Sandin v. Conner, 515 U.S. 472 (1995); see also Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). However, state law has created a constitutionally protected liberty interest in a prisoner remaining free from arbitrary administrative segregation. Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010)(as amended); Toussaint, 801 F.3d at 1097-98. When an inmate is placed in administrative segregation, due process requires notice of the charges or reason for segregation, an opportunity for the prisoner to present his views, and a non-adversary hearing of the information supporting placement within a reasonable time. Toussaint, 801 F.2d at 1100. Further, the disciplinary decision must be supported by "some evidence." See Id. at 1104-05.

"These healthy procedural protections, however, adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected manner' or imposes an 'atypical and significant hardship' on the inmate in relation to the ordinary incidents of prison life." Serrano, 345 F.3d at 1078 (quoting Sandin, 515 U.S. at 484). Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) amended on denial of rehearing by 135 F.3d 1318 (9th Cir. 1998). The Court considers three factors in framing the inquiry: (1) "whether the challenged condition mirrored those imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority"; (2) "the duration of the condition, and the degree of restraint imposed";  and (3) whether the state's actions will invariably affect the duration of the prisoner's sentence." Serrano, 345 F.3d at 1078 (9th Cir. 2003)(internal quotation marks omitted).

Here, Plaintiff alleges that he was placed on management cell status for 26 days. Courts

have previously held that placement in segregation for period of time longer than 10 days did not constitute "atypical and significant hardship" in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 486 (30 days of administrative segregation was permissible); Richardson, 594 F.3d at 672 (concluding that administrative segregation for 16 days did not constitute atypical and significant hardship). Plaintiff has not alleged that his placement on management cell status had any impact on the duration of his sentence. See Serrano, 345 F.3d at 1078. As such, considering the Serrano factors, Plaintiff's allegations are insufficient to demonstrate that his placement on management cell status alone constituted "atypical and significant hardship" in relation to the ordinary incidents of prison life. There are no allegations in the complaint that Plaintiff was deprived of the "'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)). Plaintiff's management cell claim should therefore be dismissed.

Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for unconstitutional conditions of confinement for being placed in a management cell, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1449. This claim should therefore be dismissed for failure to state a claim upon which relief could be granted.

**E.  Medical Care**

Regarding Plaintiff's allegations that he was denied medical care while he was in the management cell, The Court finds Plaintiff's allegations to be vague. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff

to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 10986.

Here, Plaintiff alleges generally that staff failed to treat his medical condition while he was in the management cell. Although such an allegation indicates that he suffered from an objectively serious medical condition, he fails to allege any facts indicating how any of the named individual defendants knew of and disregarded his condition, resulting in injury to Plaintiff. In the order dismissing the original complaint, Plaintiff was advised that in order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff was directed to describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has not done so here. The first amended complaint restates generally the vague and conclusory allegations of the original complaint that Defendants were deliberately indifferent to his serious medical needs.

Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for deliberate indifference to serious medical needs, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130, Noll, 809 F.2d at 1449.

**F. Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable

claim of retaliation in violation of the First Amendment consists of five elements:" "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

Here, Plaintiff alleges that in retaliation for filing an inmate grievance, he was subjected to verbal threats. As noted above, the comments made by Defendants are not specific enough to state an Eighth Amendment claim. Further, allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong). Finally, Plaintiff has not alleged any facts suggesting that any First Amendment activity was chilled as a result of the filing of his inmate grievance. This claim should therefore be dismissed for failure to state a claim.

Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for retaliation, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll 809 F.2d at-1449.

**G.     CDCR Policy**

Plaintiff alleges generally that "there is a pattern and practice of retaliation, campaign harassment against jail house lawyers and those whom file grievances . . , use of excessive force, theft/loss of property; mail at CCI Tehachapi State Prison resulting in harmful injuries." (Compl. ¶ 34.) Plaintiff alleges that Defendant Warden Holland is aware of this pattern and practice because of the many grievances and lawsuits filed by inmates.

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government

11

1 official cannot be held liable under a theory of vicarious liability for section 1983 actions,
2 Plaintiff must plead that the official has violated the Constitution through his own individual
3 actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must
4 link each named defendant with some affirmative act or omission that demonstrates a violation
5 of Plaintiff's federal rights. Plaintiff must allege facts indicating that Warden Holland was
6 personally involved in the deprivation at issue. He has not done so here.

7 Regarding Defendants Governor Brown and Secretary Beard, Plaintiff has similarly
8 failed to plead any facts indicating that these individuals violated Plaintiff's constitutional rights
9 through their own individual actions. In order to hold these Defendants liable, Plaintiff must
10 allege facts indicating that they were personally involved in the deprivation of Plaintiff's right.
11 Plaintiff has failed to do so.

12 Based upon the allegations in Plaintiff's original and first amended complaint, the Court
13 is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for
14 an unconstitutional policy or practice, and further amendment would be futile. See Hartmann,
15 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further
16 leave to amend is not warranted. Lopez, 203 F.3d at 1122; Noll, 809 F.2d at 1449.

17 **H. Conspiracy**

18 A conspiracy claim brought under section 1983 requires proof of "an agreement or
19 meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th
20 Cir. 2002)(quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41
21 (9th Cir. 1989)(internal quotation marks omitted)), and an actual deprivation of constitutional
22 rights as a result of the alleged conspiracy, Hart, v. Parks, 450 F.3d 1059, 1071 (9th Cir.
23 2006)(quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be
24 liable, each participant in the conspiracy need not know the exact details of the plan, but each
25 participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at
26 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a
27 meeting of the minds to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d
28 1172, 1177 n. 3 (9th Cir. 2004)(citing Woodrum, 866 F.2d at 1126). The mere statement that

12

defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts in the Ninth Circuit have required a plaintiff alleging a conspiracy to violate civil rights to state specific facts to support the existence of the claimed conspiracy. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004)(discussing conspiracy claim under §1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989)("To state claim for conspiracy to violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy.").

Here, Plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted. There is no indication of any agreement between any of the Defendants. Mere joint employment by the CDCR and the conclusory allegation that they conspired to violate Plaintiff's rights do not state a claim for relief. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for conspiracy, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1122; Noll, 809 F.2d at 1449.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint states a cognizable claims against Defendant Emerson for excessive force, and against Defendants Wildey, Gaona, and Hobmeier for failure to protect Plaintiff, in violation of the Eighth Amendment. Plaintiff's remaining claims, however, fail to state a claim for relief.

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for verbal threats, placement in a management cell, medical care,

retaliation, CDCR policy, or conspiracy, and further amendment would be futile. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on the December 23, 2015, first amended complaint against Defendant Emerson for excessive force, and against Defendants Wildey, Gaona, and Hobmeier for failure to protect Plaintiff in violation of the Eighth Amendment; and
2. Defendants Beard, Brown, Holland, and Rodriguez be dismissed, and Plaintiff's verbal threats, management cell, medical care, retaliation, CDCR policy, and conspiracy claims be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 6, 2016**

UNITED STATES MAGISTRATE JUDGE