# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>            Plaintiff,<br><br>      v.<br><br>J. HOBMEIER, et al.,<br><br>            Defendants. | Case No.  1:14-cv-00625-LJO-SAB-PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO FILE PRE-ANSWER MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 38)<br><br>MOTION FOR SUMMARY JUDGMENT DUE IN SIXTY DAYS |

Plaintiff is appearing pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2016, Defendants filed an ex parte request to file a pre-answer motion for summary judgment. (ECF No. 38.)   Defendants make their request in light of the procedures recommended by the Ninth Circuit in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc, cert. denied sub nom. Scott v. Albino, 135 S.Ct. 403 (2014).  Defendants seek sixty days in which to file a motion for summary judgment based on exhaustion.

The Federal Rules of Civil Procedure provide that a party must serve an answer within 21 days after being served with the summons and complaint or if service has been time waived under Rule 4(d) within 60 days after the request for waiver was sent. Fed. R. Civ. P. 4(a)(1)(A).

Under Rule 56, a party may move at any time, with or without supporting affidavits, for summary judgment on part or all of the claims. Fed. R. of Civ. Proc. 56(b). This means that a party may file a summary judgment motion before filing an answer. In contrast to Rule 12(a), which extends the time to file an answer when a Rule 12 motion is made, Rule 56 is silent about whether filing a summary judgment motion tolls the time to file an answer. Some courts have concluded that by analogy to Rule 12(a), it is appropriate to extend the time to file the answer until after the court decides the summary judgment motion "where such motion adequately contests the action." See Mann v. Lee, No. C 07-00781 (MMC), 2009 WL 5178095 (N.D. Cal. Dec. 22, 2009)(collecting cases and citing 10A Wright & Miller, Fed. Prac. & Proc., § 2718 at 301 (3d ed. 1988); Klebanow v. New York Produce Exchange, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (court has discretion to entertain pre-answer motion for summary judgment); but see Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 8:881 (The Rutter Group 2015) (citing Modrowski v. Pigatto, 712 F.3d 1166, 1170 (7th Cir. 2013) (the filing of a motion for summary judgment under Rule 56 does not toll the time to answer).

    Defendants indicate that they intend to file a motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Defendants argue that a ruling in their favor would obviate the need for Defendants to respond to all or some of Plaintiff's claims. The Court finds that Defendants' proposed motion for summary judgment adequately contests the action. Ray Bourhis & Associates v. Principal Life Insurance Company, 2015 WL 7180621 (N.D. Cal. Nov. 19, 2015) (concluding that if the motion adequately contests the action, it tolls the time for filing an answer). Therefore, the Court shall exercise its discretion to allow Defendants to file a pre-answer motion for summary judgment and shall toll the time for Defendants to file an answer until decision on the motion for summary judgment.[1]

///

---

[1] While the Court exercises its discretion in allowing a motion for summary judgment to be filed pre-answer, Defendants are advised that Defendants may not claim to have not appeared for the purposes of limited discovery should that become an issue for purposes of opposing the motion. If the defendants disagree then they may file their answer and litigate accordingly.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' ex parte request to file a pre-answer motion for summary judgment motion is granted;
2. Defendants' time to file an answer is tolled until decision on the motion for summary judgment;
3. Defendants are granted sixty days from the date of service of this order in which to file their motion for summary judgment; and
4. Plaintiff's opposition to the motion is due twenty-one days after service of the motion for summary judgment.  (Local Rule 230(l)).

IT IS SO ORDERED.

Dated:  **August 22, 2016**

UNITED STATES MAGISTRATE JUDGE