# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. HOBMEIER, et al.,<br><br>        Defendants. | Case No. 1:14-cv-00625-LJO-SAB (PC)<br><br>ORDER AMENDING[1] ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER REFERRING MATTER TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 44, 47, 50, 56, 57, 58, 59) |

Plaintiff Felipe Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 19, 2016, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies, which was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 44.)

On July 26, 2017, the Magistrate Judge filed a findings and recommendations. (ECF No. 56.) The findings and recommendations recommended denying Defendants' motion for summary judgment. The findings and recommendations was served on the parties and contained notice that any objections to the findings and recommendations were to be filed within thirty days from the date of service.

---

[1] The Court issues the following order amending its August 25, 2017 Order Adopting Findings and Recommendations (ECF No. 59). It has come to the Court's attention that the August 25, 2017 Order Adopting Findings and Recommendations did not address directly Defendants' objection regarding their request for an evidentiary hearing pursuant to <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc). Therefore, the instant Order withdraws and amends the August 25, 2017 Order Adopting Findings and Recommendations.

Plaintiff filed objections to the findings and recommendations on August 9, 2017. (ECF No. 58.) Plaintiff contends that Defendants thwarted him from following and completing the correct staff complaint appeal process, and therefore, made administrative remedies unavailable to him.

Defendants filed objections to the findings and recommendations on August 24, 2017. (ECF No. 59.) In their objections, Defendants request that the Court hold an evidentiary hearing to determine the question of fact as to whether Plaintiff's attempts to exhaust administrative remedies were thwarted, rendering them unavailable. Defendants also state some of the testimony and evidence that they will present at such a hearing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file and in light of Defendants' objections, in which they request an Albino hearing and state some of the testimony and evidence that they will present at such a hearing, the Court agrees with the recommendation to deny Defendants' motion for summary judgment for failure to exhaust administrative remedies, and agrees with the reasoning in the findings and recommendations as Plaintiff's evidence is sufficient to create a genuine issue of material fact regarding whether Defendant Emerson did not give Plaintiff a 602 form on March 11, 2013, whether Plaintiff submitted a handwritten appeal on March 15, 2013, and whether Plaintiff submitted a 602 form between April 5, 2013, and April 7, 2013. However, the Court refers the matter to the Magistrate Judge for further proceedings on the issue of exhaustion in accordance with Albino. See Albino, 747 F.3d at 1170-1171 ("If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.") (citations omitted).

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations, filed July 26, 2017, is ADOPTED IN PART;

2.      Defendants' motion for summary judgment for failure to exhaust administrative remedies is DENIED; and

3.      The matter is referred to the Magistrate Judge for the purpose of setting and conducting an evidentiary hearing on the issue of exhaustion.

IT IS SO ORDERED.

Dated:   **September 5, 2017**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES CHIEF DISTRICT JUDGE