# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. HOBMEIER, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00625-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS EMERSON AND HOBMEIER ON THE ISSUE OF EXHAUSTION<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR DEFENDANTS EMERSON AND HOBMEIER'S PERSONNEL FILES<br><br>(ECF No. 66) |

Plaintiff Felipe Garcia is appearing pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

On September 25, 2017, Plaintiff filed a motion for leave to take the depositions of Defendants Emerson and Hobmeier and an order to produce documents from the personnel files of Defendant Emerson and Defendant Hobmeier that are relevant to the issues of exhaustion and credibility. (ECF No. 66.) It appears that Plaintiff is requesting that the depositions be at Defendants' expense. It appears, although it is unclear, that Plaintiff may be requesting that Defendants should produce housing information of prisoner witnesses and produce them to provide relevant testimony.

On October 19, 2016, Defendants filed a motion for summary judgment for failure to

1

exhaust administrative remedies. On September 5, 2017, the assigned district judge issued an order amending the order adopting findings and recommendations, denying Defendants' motion for summary judgment, and referring the matter to the undersigned for the purpose of setting and conducting an evidentiary hearing on the issue of exhaustion.

On September 6, 2017, the undersigned set the matter for an evidentiary hearing to decide the disputed issues of fact relating to the exhaustion of Plaintiff's claims. The hearing is set for Wednesday, October 25, 2017, at 1:00 p.m. The Court found that the limited issues to be determined at the hearing are whether Plaintiff was thwarted in his attempts to exhaust his administrative remedies in March 2013 and April 2013, including whether Defendant Emerson did not give Plaintiff a 602 form on March 11, 2013, whether Plaintiff submitted a handwritten appeal on March 15, 2013, and whether Plaintiff submitted a 602 form between April 5, 2013, and April 7, 2013. See Albino v. Baca, 747 F.3d 1162, 1170-1171 (9th Cir. 2014). The Court also ordered that the parties confer regarding the witnesses to be called and the evidence to be presented at the hearing no later than October 11, 2017, that defense counsel file a statement setting forth the witnesses to be called and the documents to be presented at the hearing no later than October 18, 2017, and that the original and three copies of all exhibits, along with exhibit lists, be submitted no later than October 18, 2017.

On September 18, 2017, the Court granted Defendants' request for leave to take Plaintiff's deposition on the issue of exhaustion. (ECF No. 65.)

In Plaintiff's motion, he requests that he be able to depose Defendants Emerson and Hobmeier about exhaustion of administrative remedies, supplies, forms, schedule, management cell placement, restrictions, and mandated policies and procedures to be followed at the security housing unit including information about training. The Court shall grant Plaintiff leave to take the depositions of Defendant Emerson and Hobmeier in accordance with Federal Rules of Civil Procedure 30 and/or 31 only related to the issue of Plaintiff's attempts to exhaust his administrative remedies in March 2013 and April 2013, including whether Defendant Emerson did not give Plaintiff a 602 form on March 11, 2013, whether Plaintiff submitted a handwritten appeal on March 15, 2013, and whether Plaintiff submitted a 602 form between April 5, 2013,

1 and April 7, 2013.  These depositions may include information regarding the supplies available, forms available, restrictions, and policies and procedures in the security housing unit as long as it is relevant to Plaintiff's attempts to exhaust his administrative remedies in March 2013 and April 2013.  Although Plaintiff requests that the depositions be at the expense of Defendants, the Court will require that the depositions be at Plaintiff's expense.

Plaintiff also requests that the Court order Defendants to produce the personnel files of Defendants Emerson and Hobmeier.  Plaintiff indicates that Defendants refuse to produce documentary evidence.  It is unclear if Plaintiff has served a request for production of documents on Defendants.  However, due to the timing of the evidentiary hearing and in the interest of judicial efficiency, the Court will order Defendants to produce to Plaintiff or submit for an in camera review the portions of Defendants Emerson and Hobmeier's personnel files pertaining to alleged interference with the exhaustion of administrative remedies by inmates.  If Defendants Emerson and Hobmeier intend to testify at the evidentiary hearing, Defendants must also produce to Plaintiff or submit for an in camera review any relevant information that might affect Defendants Emerson and Hobmeier's credibility.  Defendants should produce this information to Plaintiff so that it is in his possession on or before October 18, 2017, or submit it for an in camera review on or before October 18, 2017.  If Defendants submit any information to the Court for an in camera review, they should also file objections as to why the relevant documents should not be produced to Plaintiff.

To the extent that Plaintiff is requesting that Defendants provide housing information of prisoner witnesses and produce them to provide relevant testimony, this request is denied. Plaintiff has not identified any witnesses that he has sought information about.  It is unclear if Plaintiff is referring to witnesses to the events that are the merits of this action or witnesses to Plaintiff's alleged attempts to exhaust in March 2013 and April 2013.  He does not state what information these witnesses know or would be able to provide.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court grants Plaintiff leave to take the depositions of Defendants Emerson and Hobmeier in accordance with Federal Rules of Civil Procedure 30 and/or 31

1 | on the issue of Plaintiff's attempts to exhaust his administrative remedies in March 2013 and April 2013, including whether Defendant Emerson did not give Plaintiff a 602 form on March 11, 2013, whether Plaintiff submitted a handwritten appeal on March 15, 2013, and whether Plaintiff submitted a 602 form between April 5, 2013, and April 7, 2013. However, the depositions will be at Plaintiff's expense;

2. The deposition of Defendants Emerson and Hobmeier shall be completed by October 18, 2017, and any deposition transcript that Plaintiff intends to use at the evidentiary hearing shall be submitted by October 18, 2017;

3. Plaintiff's request for Defendants Emerson and Hobmeier's personnel files is granted in part. Defendants shall produce to Plaintiff so that it is in his possession on or before October 18, 2017, or submit for an in camera review on or before October 18, 2017, any information in Defendants Emerson and Hobmeier's personnel records pertaining to alleged interference with the exhaustion of administrative remedies by inmates. If Defendants Emerson and Hobmeier intend to testify at the evidentiary hearing, Defendants must also produce to Plaintiff so that it is in his possession on or before October 18, 2017, or submit for an in camera review by October 18, 2017, any relevant information that might affect Defendants Emerson and Hobmeier's credibility. If Defendants submit any information to the Court for an in camera review, they should also file objections as to why the relevant documents should not be produced to Plaintiff; and

///
///
///
///
///
///
///

4. To the extent that Plaintiff is requesting that Defendants provide housing information of prisoner witnesses and produce them to provide relevant testimony, this request is denied.

IT IS SO ORDERED.

Dated: __**September 28, 2017**__  _____
UNITED STATES MAGISTRATE JUDGE